UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN


WALTER W. BLANCK,

        Petitioner,

v.                                    Case No. 05-C-1207

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

        Respondent.

## ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL

On November 17, 2005, Walter W. Blanck petitioned the court for a writ of habeas corpus. The petition was considered by Magistrate Judge Patricia Gorence, who recommended that this court dismiss it for lack of jurisdiction. For the reasons discussed below, the court adopts Judge Gorence's recommendation.

Blanck filed an initial habeas petition on March 22, 2002; the petition was denied on June 16. 2005. Subsequently, on November 17, 2005, Blanck's filed a second petition, which Judge Gorence recommended for a dismissal on November 30, 2005. In the recommendation, Judge Gorence stated correctly that the court lacks jurisdiction to consider this successive petition pursuant to *Nunez v. U.S.* 96 F.3d 990, 991 (7th Cir. 1996) (holding that district court must dismiss a second or successive habeas petition filed without a leave from the Seventh Circuit). Additionally, Judge Gorence's order outlined the relevant law governing successive habeas petitions.

Under 28 U.S.C. §636, a magistrate's recommendation is reviewed for clear error[1] but, if a party objects to the recommendation, the standard of review is de novo. In this case, petitioner has not objected, but he filed a motion for appointment of counsel.

---

[1] 28 U.S.C. §636 (b)(1)(A).

Therefore, the court will treat the motion as an objection and review Judge Gorence's recommendation de novo.

As stated above, Blanck may not file a second or successive habeas petition unless the Seventh Circuit gives him a leave to do so. *Nunez*, 96 F.3d at 991. Because Blanck petitioned for a writ of habeas corpus in 2002,[2] and the present petition was filed without a leave from the Seventh Circuit, it must be dismissed for lack of jurisdiction.

Turning to Blanck's motion for appointment of counsel, the court has considered carefully petitioner's assertions that he "does not fully grasp the case law mentioned" in Judge Gorence's recommendation and that he is in poor health. However, the law in this case is unambiguous. Without leave from the Seventh Circuit to file a successive habeas petition, the court lacks jurisdiction to consider the pending petition. *Nunez*, 96 F.3d at 991. Hence, no amount of legal assistance would help Blanck prevail in this case. Therefore,

IT IS ORDERED that Blanck's petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that Blanck's motion for appointment of counsel is DENIED.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2005.

BY THE COURT

C. N. CLEVERT, JR.
U. S. District Judge

---

[2] *See Blanck v. Bertrand, et. al.*, Case No. 02-C-290 (E.D. Wis.).

This 12th day of Dec, 2005, pursuant to Rule 77(d) Federal Rules of Civil Procedure, copies of this document were mailed by _M Jones_ to the following parties:

Walter W Blanck
015483
Green Bay Correctional Institution
PO Box 19033
Green Bay, WI 54307-9033